UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                        Plaintiff,<br><br>v.<br><br>MYESHA WALTERS,<br><br>                                        Defendant. | Case No.: 15cr3087-JM<br><br>**ORDER ON PETITION FOR DISMISSAL** |

On March 14, 2019, pursuant to a plea agreement, Defendant Myesha Walters was sentenced to three (3) years supervised probation for conspiracy to distribute a controlled substance. (*See* Doc. Nos. 200, 345.) Ms. Walters, proceeding pro se, now moves to have her record expunged under California Penal Code §§ 17(b), 17(d)(2), 1203.4, 1203.4a, 1203.42, 1203.43, and 1203.49, on the grounds that she has changed her life, learned from her mistakes, and faced challenges when looking for employment. (Doc. No. 444 at 1.)

However, the basis on which Ms. Walters relies do not apply to a federal felony conviction. As the Ninth Circuit has explained, district courts do not have the power "to expunge a record of a valid arrest and conviction solely for equitable considerations," because "the expungement of the record of a valid arrest and conviction usurps the

powers that the framers of the Constitution allocated to Congress, the Executive, and the states." *United States v. Crowell,* 374 F.3d 790, 793 (9th Cir. 2004) (quoting *United States v. Sumner,* 226 F.3d 1005, 1014 (9th Cir.2000)). Thus "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id.*

Here, although the court recognizes there are collateral consequences such as looking for employment, this court does not have the power "to expunge a record of a valid arrest and conviction solely for equitable considerations. *Crowell,* 374 F.3d at 794. Indeed, Ms. Walters has not presented a viable legal ground for expungement, therefore, her claim falls into the solely "equitable" claim for expungement." *See e.g. United States v. Elizalde,* No. 02-cr-2243-L, 2017 WL 1438203 at *1, (S.D. Cal. Apr. 24, 2017) (the court does not have the power "to expunge a record of valid arrest and conviction solely for equitable considerations.") (citation omitted); *Sumner,* 226 F.3d at 1015 (holding that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief such as enhancing employment opportunities). Accordingly, this court lacks jurisdiction to consider Ms. Walter's claims.

In sum, even though Ms. Walters may be law abiding, and she represents, the circumstances are insufficient to warrant relief. The provisions in the California Penal Code do not change this result and provide no authority suggesting that they apply to federal criminal proceedings. Ms. Walter's Petition for Dismissal is, therefore, **DENIED**. The Clerk of Court is ordered to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: February 7, 2025

_____
Hon. Jeffrey T. Miller
United States District Judge